UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DIRCK HECKING, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 1:03-cv-1895-DFH-WTL |
| | ) |
| PAN AMERICAN AIRWAYS, et al., | ) |
| | ) |
| Defendants. | ) |

ENTRY ON PENDING MOTIONS

Plaintiff Dirck Hecking is an experienced airline pilot who developed a condition known as labyrinthitis that has prevented him from flying since 2001. He contends in this action that he suffered a disabling injury while training for employment with Pan American Airways in New Hampshire. He has pursued worker's compensation benefits in New Hampshire, without success thus far. In this case, acting *pro se*, he seeks more than half a billion dollars in damages from Pan American and other defendants on claims arising from the handling of his worker's compensation claim. The defendants seek dismissal of the claims against them pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure*. For the reasons explained in this Entry, the amended complaint still fails to state a claim upon which relief can be granted. Plaintiff has had ample opportunity to plead, and it is time to dismiss the action, with prejudice.

I.   *Background*

    A.   *The Amended Complaint*

Plaintiff Hecking is a citizen and resident of Indiana. His claims are asserted in his amended complaint filed on July 30, 2004. The defendants in the amended complaint are the following:

"AMICO Defendants" – American Motorists Insurance Company, Kemper Insurance Companies, and Ralph Tatone

Pan American Airways and David Fink

Boston Medical Evaluations

Dr. Thomas Klein

All defendants except Boston Medical Evaluations ("BME") have appeared in the action and have either filed or joined in dispositive motions. Hecking has opposed those motions. He also seeks the entry of default against BME based on its failure to appear.

The amended complaint alleges the following: Hecking submitted a claim for worker's compensation benefits. AMICO was the worker's compensation insurance carrier for Pan American Airways, of which Fink is President. Tatone is a claims representative of AMICO, and Kemper Insurance Companies is either affiliated with AMICO or was succeeded by AMICO in some feature of handling Hecking's claim. AMICO denied Hecking's claim. Dr. Klein and BME were complicit in this denial, Hecking alleges, through a false medical evaluation of

either the nature or the cause of his condition.  Hecking has appealed the denial of that claim to the New Hampshire Department of Labor ("NHDOL").  The NHDOL, after a hearing or other process whereby information was submitted, found that Hecking had not satisfied his burden of demonstrating entitlement to workers' compensation benefits.

According to Hecking, the workers' compensation claim has been stayed.  According to AMICO, Hecking is pursuing review of the workers' compensation decision.  According to Pan American, Hecking did not appeal the Hearing Officer's decision denying his claim under the New Hampshire Workers' Compensation Act, and it became final.  Also, although Hecking seeks to be "made whole" and to have the defendants enjoined from continuing the practices described in the amended complaint, Hecking disclaims any effort through this case to "interfere with the work of the New Hampshire Authorities."  He also seeks compensatory and punitive damages.  He alleges his own citizenship (as a citizen of Indiana) and suggests that there is diversity of citizenship between himself and Pan American and Kemper, but does not allege the actual citizenship of any of the defendants.

B.     *Standard of Review*

As a general matter, a complaint can be dismissed for failure to state a claim upon which relief can be granted only if the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Kolupa v. Roselle Park District,* 438 F.3d 713, 714 (7th Cir. 2006)

("It is enough to name the plaintiff and the defendant, state the nature of the grievance, and give a few tidbits (such as the date) that will let the defendant investigate. A full narrative is unnecessary."). "[C]omplaints need not plead facts and need not narrate events that correspond to each aspect of the applicable legal rule." *Id.* The spirit and letter of notice pleading were reviewed recently by the Court of Appeals:

> One pleads "claims" (which is to say, grievances) rather than legal theories and factual specifics. *See, e.g., McDonald v. Household International, Inc.*, 425 F.3d 424, 427-28 (7th Cir. 2005); *Bartholet v. Reishauer A.G. (Zurich)*, 953 F.2d 1073, 1077-78 (7th Cir. 1992). The Supreme Court drove the point home in *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506 (2002), holding that plaintiffs need not allege either the factual or legal "elements" of a *prima facie* case under the employment-discrimination laws. That conclusion is equally applicable to every other federal claim.

*Simpson v. Nickel,* 450 F.3d 303, 305 (7th Cir. 2006). However, a complaint's sufficiency may be challenged on the basis of either form or substance.

> Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This rule simply "specifies the conditions of the formal adequacy of a pleading." *Kirksey v. R.J. Reynolds Tobacco Co.,* 168 F.3d 1039, 1041 (7th Cir. 1999). "It does not specify the conditions of its substantive adequacy, that is, its legal merit." *Id.* "[W]hen presented with a motion to dismiss, the non-moving party must proffer some legal basis to support his cause of action." *Stransky v. Cummins Engine Co.,* 51 F.3d 1329, 1335 (7th Cir. 1995). Although the district court is required to consider whether a plaintiff could prevail under any legal theory or set of facts, *Sidney S. Arst Co. v. Pipefitters Welfare Educ. Fund,* 25 F.3d 417, 421 (7th Cir. 2004), it "will not invent legal arguments for litigants," *Stransky,* 51 F.3d at 1335, and is "not obliged to accept as true legal conclusions or unsupported conclusions of fact," *Hickey v. O'Bannon,* 287 F.3d 656, 658 (7th Cir. 2002).

*County of McHenry v. Insurance Company of the West,* 438 F.3d 813, 818 (7th Cir. 2006).

There is an exception to the foregoing, however, which is triggered when fraud is alleged, in a civil RICO complaint or otherwise. Such allegations are subject to the heightened pleading standard of Fed. R. Civ. P. 9(b), which requires a plaintiff to plead fraud with "particularity."  See *Goren v. New Vision Int'l, Inc.,* 156 F.3d 721, 726 (7th Cir. 1998).  The purpose of Rule 9(b) is threefold:  "(1) protecting a defendant's reputation from harm; (2) minimizing 'strike suits' and 'fishing expeditions'; and (3) providing notice of the claim to the adverse party." *Decatur Ventures, LLC v. Stapleton Ventures, Inc.,* 373 F. Supp. 2d 829, 844 (S.D. Ind. 2005), quoting *Vicom, Inc. v. Harbridge Merchant Servs. Inc.,* 20 F.3d 771, 777 (7th Cir. 1994).  "Because of those goals, loose references to mailings and telephone calls in furtherance of a purported scheme to defraud will not do." *Id.* (quoting *Jepson, Inc. v. Makita Corp.,* 34 F.3d 1321, 1328 (7th Cir. 1998)) (internal quotations omitted).

II.     *Discussion*

The defendants[1] argue that this court lacks jurisdiction to review the outcome of the New Hampshire worker's compensation claim because of the *Rooker-Feldman* doctrine. Defendants also contend that the doctrine of *res judicata* bars Hecking's claims. Although the arguments reflect sound instincts, they do not apply here, at least not yet.

The *Rooker-Feldman* doctrine prohibits federal courts from exercising subject matter jurisdiction over claims seeking review of state court judgments. See *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415-16 (1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 482-86 (1983). The *Rooker-Feldman* doctrine does not apply here because the New Hampshire claim remains pending. See *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 125 S. Ct. 1517, 1521-22

---

[1]The defendants' motions are viewed as a whole in this instance. There is no point here in distinguishing the arguments of some from those of others. In addition, although BME has not appeared in the action, the sufficiency of Hecking's claims against BME has been fully tested by the other defendants' motions to dismiss. Hecking is aware of this and has responded by defending the sufficiency of his claims as a whole. Under these circumstances, the arguments in the motions to dismiss are extended to Hecking's claims against BME. See *Malak v. Associated Physicians, Inc.,* 784 F.2d 277, 280 (7th Cir. 1986) ("Where one defendant files a motion for summary judgment which the court grants, the district court may *sua sponte* enter summary judgment in favor of additional non-moving defendants if the motion raised by the first defendant is equally effective in barring the claim against the other defendants and the plaintiff had an adequate opportunity to argue in opposition to the motion."). Consistent with this determination, Hecking's motion for a default judgment and for seizure of assets against BME is denied. The second such motion, together with the supporting memorandum, each filed on April 4, 2006, shall be entered on the docket and is likewise denied.

(2005) (the *Rooker-Feldman* doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.").

*Res judicata* also does not apply because one essential element of this defense is that the prior matter must have resulted in a final judgment. The defendants take pains to point out that the administrative determination has not been appealed to a judicial forum, though it could be. "The general rule regarding simultaneous litigation of similar issues in both state and federal courts is that both actions may proceed until one has come to judgment, at which point that judgment may create a *res judicata* or collateral estoppel effect on the other action." *University of Maryland at Baltimore v. Peat Marwick Main & Co.,* 923 F.2d 265, 276-276 (3d Cir. 1991); cf. *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 818 (1976) (explaining when a federal court should abstain from exercising its jurisdiction based on a concurrent parallel state proceeding for reasons of "wise judicial administration"). In addition, the defendants have not shown that the administrative decision itself is entitled to *res judicata* effect.[2]

---

[2]When a state agency acts in a judicial capacity, and when the parties have had an adequate opportunity to litigate the issues, federal courts must give the state agency's fact-finding and legal determinations the same preclusive effect they would receive in that state's courts. *University of Tennessee v. Elliott,* 478 U.S. 788, 798-99 (1986); *United States v. Utah Const. & Mining Co.,* 384 U.S. 394, 422 (1966).

(continued...)

The court need not wrestle these issues to the ground, however, because Hecking does not seek to relitigate his workers' compensation claim in this lawsuit. He would encounter other hurdles if he did so. See, *e.g., Reed v. New England Tel. & Tel. Co.,* 175 F. Supp. 409 (D.N.H. 1958) (explaining that the New Hampshire Workmen's Compensation Law, N.H.Rev.Stats.Ann. ch. 281:12, bars an employee from bringing a tort action against the employer; the employee must

---

²(...continued)
The Due Process Clause places some limits on the doctrine of *res judicata.* Only proceedings that meet the minimal requirements of due process are accorded preclusive effect. See *Kremer v. Chemical Const. Corp.,* 456 U.S. 461(1982). A state proceeding that does not provide a party a "'full and fair opportunity' to litigate the claim" does not qualify. *Id.* at 480-81; see also *Elliott,* 478 U.S. at 799. In assessing the adequacy of the state's administrative forum,

> [t]he threshold inquiry . . . is whether the state administrative proceeding was conducted with sufficient safeguards to be equated with a state court judgment. This requires careful review of the administrative record to ensure that, at a minimum, it meets the state's own criteria necessary to require a court of that state to give preclusive effect to the state agency's decisions . . . . [A]lthough a federal court should ordinarily give preclusive effect when the state court would do so, there may be occasions where a state court would give preclusive effect to an administrative decision that failed to meet the minimum criteria set down in *Utah Construction.*

*Miller v. County of Santa Cruz,* 39 F.3d 1030, 1033 (9th Cir. 1994). The Ninth Circuit has held that a state administrative procedure provides a "full and fair opportunity" to litigate only if it includes some form of judicial review. See *Wehrli v. County of Orange,* 175 F.3d 692, 693 (9th Cir. 1999). The First Circuit has noted, however, that

> In *Morin v. J. H. Valliere Co.,* 113 N.H. 431, 309 A.2d 153, 155 (1973), it was held that the doctrine of *res judicata* applies "to a decision of an administrative agency, such as the labor commissioner or his deputy acting under RSA ch. 281, which is rendered in a judicial capacity and resolves disputed issues properly before it which the parties have had an adequate opportunity to litigate."

*Roy v. Jasper Corp.,* 666 F.2d 714, 716 (1st Cir. 1981).

rely instead on the statute for relief). In light of Hecking's abandonment of any claim for review of the worker's compensation claim determination (or his clarification that no such claim was ever asserted), defendants are not entitled to dismissal based on the *Rooker-Feldman* doctrine or *res judicata.*

Hecking's remaining claims are those under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961, *et seq.*[3] Allegations of fraud in a civil RICO complaint are subject to the heightened pleading standard of Fed. R. Civ. P. 9(b), which requires a plaintiff to plead all averments of fraud with particularity. See *Goren v. New Vision Int'l, Inc.,* 156 F.3d 721, 726 (7th Cir. 1998). Hecking does not help his cause in this regard when he fails to specify the type of RICO claim he is asserting. The only contender, however, is 18 U.S.C. § 1962(c).[4] This statute provides:

> It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

---

[3] Because there is no adequate allegation of diversity of citizenship, and because there is no claim asserted under the law of any state, the only other basis for this court's subject matter jurisdiction is a federal question presented by Hecking's RICO claim. See 28 U.S.C. § 1331.

[4] Section 1962(d) prohibits conspiracies to violate section 1962(a), (b), or (c). To state a claim pursuant to § 1962(d), a plaintiff must plead that defendants agreed to join the conspiracy, agreed to commit predicate acts, and knew that those acts were part of a pattern of racketeering activity. See *United States v. Patrick,* 248 F.3d 11, 20 (1st Cir. 2001). Absent sufficient allegations of the substantive violation of subsection (a), (b), or (c), a claim under section 1962(d) will be dismissed. *Salinas v. United States,* 522 U.S. 52, 63 (1997).

In *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985), the Supreme Court set out the four primary elements of a § 1962(c) claim. The plaintiff must show "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Id.* at 496 (footnote omitted); see also *Bressner v. Ambroziak,* 379 F.3d 478, 481-82 (7th Cir. 2004). Even though the elements are straightforward, simply listing them will not suffice to state a § 1962(c) claim; rather, a plaintiff "must allege facts to support each element." *Goren v. New Vision Int'l Inc.,* 156 F.3d 721, 727 (7th Cir. 1998).

The court must first address the challenge to Hecking's standing to assert a civil RICO claim. Although Hecking has responded to the motions to dismiss, he has not specifically responded to the argument that he lacks standing. The civil RICO statute, 18 U.S.C. § 1964(c), provides: "Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue . . . in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee."

"The phrase 'injured in business or property' has been interpreted as a standing requirement – rather than an element of the cause of action – which must be satisfied in order to prevail on a RICO claim." *Evans v. City of Chicago,* 434 F.3d 916, 930 (7th Cir. 2006) ("personal injuries, and the pecuniary losses flowing from those injuries, are insufficient to establish standing under the civil

RICO, § 1964(c)"); see also *Oscar v. Univ. Students Co-op. Ass'n,* 965 F.2d 783, 785 (9th Cir. 1992) (en banc) ("injuries to property are not actionable under RICO unless they result in tangible financial loss to the plaintiff" and "personal injuries are not compensable under RICO"). If Hecking were seeking to hold defendants at fault for his labyrinthitis, this argument by defendants would have merit. As the court understands his position, however, he is alleging an effort to deny him the worker's compensation benefits to which he believes he is entitled. A legally viable claim for worker's compensation benefits seems sufficiently close to a chose-in-action or other form of property so that RICO might cover injury to such a claim as a form of injury to business or property. Hecking's RICO claims do not fail to show standing.

The amended complaint is nevertheless fatally flawed. Using the recent decision in *Gamboa v. Velez,* 457 F.3d 703 (7th Cir. 2006), as a guide, Hecking's RICO claim fails. First, *Gamboa* makes the point that RICO "does not cover all instances of wrongdoing. Rather, it is a unique cause of action that is concerned with eradicating organized, long-term, habitual criminal activity." 457 F.3d at 705. Here, as in *Gamboa,* there is no adequate allegation of "pattern," because the misconduct which Hecking attributes to the defendants had him as its target, had the denial of his worker's compensation claim as its goal, and thus had a natural end point. This scenario is contrary to the "organized, long-term, habitual criminal activity" that RICO addresses. Conclusory allegations are not sufficient to allege open-ended continuity; specific facts must support such a conclusion.

*Guaranty Residential Lending v. International Mortgage Center, Inc.,* 305 F. Supp. 2d 846 (N.D. Ill. 2004).

Other elements of a viable claim under § 1962(c) are also absent from the amended complaint. The amended complaint also does not identify an "enterprise," meaning "an ascertainable structure separate and distinct from the pattern of racketeering activities." *United States v. Phillips,* 239 F.3d 829, 844 (7th Cir. 2001). The amended complaint describes a series of related, though not structured, fraudulent acts to cause Hecking's workers' compensation claim to be denied. However, a "conspiracy to commit fraud" does not amount to a RICO organization or enterprise. *Bachman v. Bear, Stearns & Co., Inc.,* 178 F. 3d 930, 932 (7th Cir. 1999), citing *Uniroyal Goodrich Tire Co. v. Mutual Trading Corp.,* 63 F. 3d 516, 523 (7th Cir. 1995), and *Terry A. Lambert Plumbing, Inc. v. Western Security Bank,* 934 F. 2d 976, 981 (8th Cir. 1991). "[A] RICO enterprise is 'more than a group of people who get together to commit a pattern of racketeering activity.'" *Stachon v. United Consumers Club, Inc.,* 229 F.3d 673, 675 (7th Cir. 2000), quoting *Richmond v. Nationwide Cassel L.P.,* 52 F.3d 640, 645 (1995). Instead, a RICO enterprise must have "'an ongoing "structure" of persons associated through time, joined in purpose, and organized in a manner amenable to hierarchical or consensual decision making.'" *Id.* (quoting *Jennings v. Emry,* 910 F.2d 1434, 1440 (7th Cir. 1990)). An "association in fact" for RICO purposes consists of a "union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). This type of enterprise "can be formal or informal,

[but] some type of organizational structure is required." *Stachon,* 229 F.3d at 675. A RICO enterprise also "must be 'an organization separate from the predicate acts [of racketeering] themselves,' and must be 'organized in a manner amenable to hierarchial or consensual decision making.'" *Id.* (citations omitted).

The amended complaint also does not identify at least two predicate acts within the meaning of the RICO statute. *Lachmund v. ADM Investor Serv., Inc.,* 191 F.3d 777, 784 (7th Cir. 1999) (a RICO plaintiff must, at a minimum, describe the two predicate acts of fraud with some specificity and state the time, place, and content of the alleged false representations, the method by which the misrepresentations were communicated, and the identities of the parties to those misrepresentations). What the amended complaint supplies instead is a broad swath of rhetoric, supported by snippets of legally benign factual information, and from this mix purports to concoct a RICO claim. Because legal conclusions are of no value here, however, and because these facts must be pled with particularity, the mixture does not measure up.

This is a case, therefore, in which the amended complaint shows on its face that the alleged wrongs are not subject to RICO.

> [C]ivil RICO plaintiffs persist in trying to fit a square peg in a round hole by squeezing garden-variety business disputes into civil RICO actions. While it is clear that the scope of civil RICO extends beyond the prototypical mobster or organized crime syndicate, it is equally evident that RICO has not federalized every state common-law cause of action available to remedy business deals gone sour.

*Midwest Grinding Co., Inc. v. Spitz,* 976 F.2d 1016, 1025 (7th Cir. 1992).


III.   *Conclusion*

In conclusion, Hecking does not assert any claims under state law. There is no adjudication of a claim, even administratively, in New Hampshire which Hecking is seeking to appeal or from which he is seeking relief. The RICO claims against the various defendants in Hecking's amended complaint are legally insufficient for the reasons explained in Part II of this Entry, and the motions to dismiss are granted. The defendants' alternative requests that Hecking provide a more definite statement of his claims are denied as moot. Plaintiff has had ample opportunity to amend his complaint, so final judgment consistent with this Entry shall now issue.


So ordered.

Date: September 11, 2006

*David F. Hamilton*
DAVID F. HAMILTON, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Danford Royce Due
DUE DOYLE FANNING EWING & METZGER
ddue@duedoyle.com

Jacqueline B. Ponder
MCTURNAN & TURNER
jponder@mtlitigation.com

Mary K. Reeder
RILEY BENNETT & EGLOFF LLP
mreeder@rbelaw.com

DIRCK HECKING
6215 Coffman Road
Indianapolis, IN 46268